IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:11-CR-361-L** |
| | § | |
| **MANASSEH ADRIEL PHILIP** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Withdraw Guilty Plea ("Motion"), filed July 18, 2012, by Defendant Manasseh Adriel Philip ("Philip"). After carefully reviewing the motion, briefing, appendices, record, and applicable law, the court **denies** the Motion to Withdraw Guilty Plea.

### I. Background

Philip seeks to withdraw his February 13, 2012 guilty plea pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure. Philip states in his Motion that he "seeks to withdraw his guilty plea solely for the purpose of contesting the legality of his April 20, 1999 deportation." Def.'s Mot. 1. He also "continues to admit that he has reentered after deportation"; however, he asserts that he is innocent of the charge because his 1999 deportation was illegal under the Supreme Court's December 12, 2011 decision in *Judulang v. Holder*, 132 S. Ct. 476 (2011). *Id.* Based on this and other intervening or subsequent changes in the law under *INS v. St. Cyr*, 533 U.S. 289 (2001), Philip argues that he is entitled to retroactively attack the 1999 deportation order that concluded he was not eligible for relief under section 212(c) of the Immigration and Nationality Act ("INA"). Philip states that if his Motion is granted, he does not want a jury trial but instead will rely only on a motion to dismiss the indictment contesting the legality of his deportation.

On August 2, 2012, the United States of America ("United States") filed a response in opposition to Philip's Motion. The United States contends that the factors applicable to motions to withdraw guilty pleas weigh against Philip, and he has not met his burden of demonstrating a fair and just reason for withdrawing his guilty plea. In reply to the United States's opposition, Philip acknowledges that the "government['s] statement of the factual background is correct as far as it goes." Def.'s Reply 1. Because Philip does not dispute the factual background set forth in the United States's response and the court determines that the factual and procedural background of this case is pertinent to its analysis, the court incorporates that background as follows:

> Manasseh Philip is a citizen of Sri Lanka. On July 12, 1988, Philip was convicted of aggravated sexual assault of a child under 14 and sentenced to five years confinement in the Texas Department of Corrections. Philip was then placed into immigration proceedings and was ultimately ordered deported by an Immigration Judge ("IJ") on January 31, 1992, following a hearing on the merits of his application for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Philip appealed the decision of the IJ, but his appeal was dismissed by the Board of Immigration Appeals on April 30, 1997. Philip then filed a petition for writ of habeas corpus. On April 30, 1998, the Honorable Judge [Jorge] Solis denied the writ, finding that Philip received sufficient due process in administrative proceedings and that he failed to meet his burden to show habeas relief was warranted. **On April 20, 1999, Philip was deported to Sri Lanka.**
>
> Sometime thereafter, Philip reentered the United States. On or about November 30, 2011, he was arrested and charged with Illegal Reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). On February 13, 2012, Philip filed a factual resume admitting to each element of the crime of Illegal Reentry. On February 23, 2012, Philip appeared with counsel and pled guilty before a United States Magistrate Judge.

> On or about March 7, 2012, Philip filed a *pro se* motion for writ of habeas corpus. On March 26, 2012, United States Magistrate Judge Irma Ramirez recommended that this petition be denied. Judge [Sam A.] Lindsay accepted such recommendation and denied the petition on April 24, 2012. Thereafter, Philip retained his present counsel and on July 18, 2012, filed the instant motion to withdraw his guilty plea. In his motion, Philip "continues to admit that he has reentered after deportation," but contests the legality of his 1999 deportation based on Supreme Court decisions issued in 2001 and 2011.

U.S. Resp. 1-2 (citations omitted and emphasis added).

## II. Standard for Withdrawal of Guilty Plea

Prior to sentencing, the court may use its discretion to grant a motion to withdraw a guilty plea if the defendant presents a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawal. *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998). When ruling on the motion, the court should consider whether: (1) the defendant asserted his innocence; (2) withdrawal would prejudice the government; (3) the defendant delayed in filing the withdrawal motion; (4) withdrawal would inconvenience the court; (5) adequate assistance of counsel was available; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).[1]

The court need not make a finding as to each *Carr* factor, as it makes its determination based on the totality of the circumstances. *United States v. Powell*, 354 F.3d 362, 370-71 (5th Cir. 2003); *Brewster*, 137 F.3d at 858. Moreover, a defendant's assertion of conclusory allegations does not

---

[1] This court refers to the matters that it must consider in determining whether to allow the withdrawal of a guilty plea based on the *Carr* factors.

warrant withdrawal of a plea of guilty, at least where such allegations are clearly refuted by the record. *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

**III.     Analysis**

The first time Philip asserted his innocence to the court after his plea of guilty was on July 18, 2012, which was five months after his plea of guilty on February 23, 2004. Philip was represented by appointed counsel when he entered his guilty plea. He does not contend that his plea was not knowing and voluntary. Although Philip subsequently moved to substitute his appointed counsel with retained counsel, he does not contend that his appointed counsel was ineffective.[2]

The "rationale for allowing a defendant to withdraw a guilty plea is to permit [him] to undo a plea that was unknowingly made at the time it was entered." *Carr*, 740 F.3d at 345 (citing *Everett v. United States*, 336 F.2d 979, 984 (D.C.Cir. 1964)). The purpose is not to enable a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if [he] believes that [he] made a bad choice in pleading guilty." *Id*. The court in *Carr* found a defendant's motion to withdraw to be "not promptly filed" when the defendant filed a motion 22 days after entering his guilty plea. *See Carr*, 740 F.2d at 345. Moreover, the court in *Brewster* denied a defendant's motion to withdraw his plea of guilty where the defendant sought to withdraw three months after his plea. *See Brewster*, 137 F.3d at 858.

As previously noted, Philip contends that his Motion was prompted by the Supreme Court's December 12, 2011 decision in *Judulang v. Holder*. Although Philip was represented by counsel when he pled guilty and the *Judulang* decision was issued more than three months before he pled

---

[2] Four months after entering his guilty plea on February 23, 2012, Philip moved on June 19, 2012, to substitute his appointed counsel with retained counsel. After the court granted his motion to substitute counsel, his current counsel filed the Motion to Withdraw Guilty Plea on July 18, 2012.

**Memorandum Opinion and Order – Page 4**

guilty, Philip contends that he was not aware of the decision at the time of his guilty plea on February 23, 2012. Other than his conclusory assertion in this regard, however, Philip provides no explanation for the delay in presenting this issue and filing his Motion.

Moreover, Philip's assertion of innocence based on *Judulang* is misguided. In *Judulang*, the Supreme Court considered the Board of Immigration Appeals' (BIA) "comparable-grounds" rule for determining whether to summarily deny deportable aliens' applications for discretionary waivers under former section 212(c) of the INA. The Court held that the comparable-grounds rule is "arbitrary and capricious" under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *Judulang*, 132 S. Ct. at 479. *Judulang* does not require the BIA to give individual consideration to every section 212(c) application filed by a deportable alien who is otherwise eligible to seek section 212(c) relief. The Supreme Court explained that "[i]n rejecting th[e] rule, we do not preclude the BIA from trying to devise another, equally economical policy respecting eligibility for § 212(c) relief, so long as it comports with everything held in both this decision and *St. Cyr*." *Id.* at 490.

Philip does not contend that his 1999 deportation was contrary to law *existing at that time*. Instead, he seeks retroactive relief from a previously valid deportation order based on the subsequent change in the law under *Judulang*. Philip fails to explain, however, why he is entitled to *revive* and *relitigate* his deportation that was complete and final thirteen years ago under *Judulang* or any other subsequent change in the law. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675 (5th Cir. 2003) (holding that removal proceedings are "completed and final" when a person is actually deported pursuant to a removal order). As correctly noted by the United States, subsequent changes in the law do not apply to closed cases such as this case and thus cannot change the validity of a valid deportation that was consistent with law existing at the time of the deportation. *Id.*; *Reynoldsville*

*Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995) ("New legal principles, even when applied retroactively, do not apply to cases already closed."). Moreover, *Judulang* in no way abrogated, overruled, or undermined the Supreme Court's holding in *Reynoldsville Casket*. *Reynoldsville Casket* is therefore still good law.

As an additional ground for withdrawing his guilty plea, Philip contends that in July 2012, he learned that certain discoverable documents in the form of government records and pleadings were not provided to him prior to his plea. Philip asserts that, "[a]lthough the enforcement file contains most of the court and Board records, it does not contain everything in the court files" and that he is "particularly interested in finding out what kind of pleadings the government might have filed in response to the 2002 motion to reopen and what kind of notice and to whom the Board provided [such notice] when it made the 2002 decision." Def.'s Reply 5. According to Philip, papers surrounding the BIA's 2002 decision may disclose why it vacated its earlier order after he had been deported. Philip argues that this decision is important because it is the first time the BIA considered the merits of his appeal and motions to reopen. Philip argues that the immigration court and BIA files are key to his collateral attack, particularly with his ability to show prejudice by legal error in the deportation proceedings.

The December 13, 2002 order to which Philip refers was attached to his reply brief. It is a one-page *per curiam* order by the BIA that states in full as follows:

> The respondent has filed a motion to reopen proceedings in light of *INS v. St. Cyr*, 121 S.Ct. 2271 (2001). However, the respondent does not fall within the ambit of that decision as he was denied relief under section 212(c) of the Act, 8 U.S.C. § 1182(c), following a merits hearing, and not due to changes to such relief enacted by the Antiterrorism and Effective Death Penalty Act of 1996.

> However, in an April 30, 1997 [] decision[,] the Board denied the respondent's appeal of the Immigration Judge's adverse decision and an associated motion to reopen in light of *Matter of Soriano*, 21 I&N Dec. 516 (BIA 1996, A.G. 1997), without reaching the merits of the respondent's appeal. Given the holding in *Matter of St. Cyr*, *supra*, the Board's April 30, 1997[] decision is vacated with regard to the aspects of that decision regarding the respondent's section 212(c) claim.
>
> The respondent's December of 1994, and September of 2002 motions seeking consideration of two affidavits from his ex-wife are now, given his case's current procedural posture, in the nature of motions to remand. However, we find that a remand is not warranted as the evidence submitted is not material since it would not alter the Immigration Judge's adverse findings. In sum, we find that the record continues to support the Immigration Judge's implicit finding that the continued presence of the respondent is not in the best interests of the United States. As such, reopening is not warranted, and the motions are denied.
>
> With regard to the respondent's appeal of the Immigration Judge's January 31, 1992[] decision, the Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination.

Def.'s Reply, Exh. 1 (internal citations omitted). Based on this order, Philip argues that his deportation proceedings were:

> irregular, illegal and a due process violation because he was denied his right to a direct appeal to the BIA of the IJ's denial of his application for relief under the former INA § 212(c). He was also denied his right to meaningful consideration by the BIA of motions to reopen his deportation proceedings. This resulted in denial of both administrative and judicial review. The Fifth Circuit and the BIA wrongly held that 212(c) relief was unavailable to [him] prior to his 1999 deportation. This well might have been the law at the time in the '90s but *INS v. St. Cyr.,* 121 S.Ct. 2271 (2001) made it clear that the application of law at that time by the BIA and Fifth Circuit was incorrect.
>
> The 2002 BIA decision . . . did not cure the situation because it was after [he] had been deported and further discovery may show that [he] was denied his right to petition for review from the December 13, 2001 order.

Def.'s Reply 3-4. Philip's argument in this regard, however, fails for the same reason that his argument based on *Judulang* fails, that is, he seeks retroactive relief from a previously valid deportation order based on a subsequent change in the law under *INS v. St. Cyr*, 533 U.S. 289

(2001), *that occurred two years after he was deported*. This argument is therefore without merit and does not weigh in his favor of allowing Philip to withdraw his guilty plea.

Based on these facts and applicable law, the court concludes that the first, third, fifth, and sixth *Carr* factors weigh heavily against allowing Philip to withdraw his guilty plea. Because of the futility of Philip's asserted basis for withdrawing his guilty plea, the court further concludes that granting his Motion for the purpose of permitting him to challenge his 1999 deportation would waste judicial resources and inconvenience the court. The court, nevertheless, does not base its decision on inconvenience or the amount of time it takes to decide constitutional issues and matters that relate to one's guilt or innocence, as it expends whatever time is necessary to reach a just result. Put another way, these two factors do not negatively affect the court's consideration of Philip's Motion. These two factors, as wells as the prejudice-to-the-government factor, are neutral and weigh in favor of neither the United States nor Philip. The court's decision to deny Philip's motion is based on the overwhelming strength of the other factors discussed herein that weigh against withdrawal of the guilty plea.

## III. Conclusion

For the reasons herein explained, the court determines that the totality of circumstances does not establish a fair and just reason for allowing Philip to withdraw his guilty plea. The court therefore **declines** Philip's request to revisit his previously executed deportation order and **denies** his Motion to Withdraw Guilty Plea.

**It is so ordered** this 16th day of August, 2012.

Sam A. Lindsay
United States District Judge